Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Blvd.
Vancouver, WA 98660
Tel. 360-750-3789
Fax 360-750-3788
sdcousineau@gmail.com

Michael S. Agruss (admitted *pro hac vice*)
Taylor L. Kosla (admitted *pro hac vice*)
Agruss Law Firm, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel. 312-224-4695
Fax 312-253-4451
michael@agrusslawfirm.com
taylor@agrusslawfirm.com

Attorneys for Plaintiff
REBECCA PRESTON

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| REBECCA PRESTON, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:19-cv-00048-AC |
| ) | |
| v. ) | **JOINT STATUS REPORT AND** |
| ) | **PROPOSED CASE MANAGEMENT** |
| CHW GROUP, INC. d/b/a CHOICE HOME ) | **SCHEDULE** |
| WARRANTY, ) | |
| ) | (LR 16) |
| Defendant. ) | |

This Joint Status Report and Proposed Case Management Schedule is submitted to inform the Court that the parties, Rebecca Preston ("Plaintiff") and Defendant CHW Group, Inc. d.b.a. Choice Home Warranty ("Defendant" or "CHW") (collectively, the "Parties") held a discovery planning conference pursuant to Rule 26 on March 8, 2019. This Joint Status Report also addresses

the subjects contained in the Scheduling Order and Federal Rule of Procedure 26 (f).

## JOINT STATUS REPORT

### A.     Service

The Parties agree that service is complete.

### B.     Jurisdiction and Venue

The Parties agree that there do not appear to be any issues with regard to personal jurisdiction and venue within the District of Oregon. The Parties do not agree that subject matter jurisdiction is proper, as Defendant has moved to dismiss, in part, pursuant to Rule 12(b)(1) based on lack of Article III standing. *See* Dkt. 21. Plaintiff has opposed. *See* Dkt. 26.

### C.     Anticipated Motions

On March 8, 2019, CHW filed a Motion to Dismiss Plaintiff's First Amended Complaint (the "Complaint") with prejudice pursuant to Rule 12(b)(6) or, alternatively, Rule 12(b)(1) and/to strike pursuant to Rule 12(f). *See* Dkt. 21 (hereinafter, CHW's "Motion"). Plaintiff has opposed. *See* Dkt. 26. If Plaintiff's Complaint is not dismissed with prejudice pursuant to CHW's Motion, Defendant anticipates that a summary judgment motion will be filed.

### D.     Brief Description of Claims and Defenses

Plaintiff seeks relief under the Telephone Consumer Protection Act ("TCPA"), specifically 47 U.S.C. § 227(b)(1)(A)(iii), relating to phone calls allegedly received on her cellular phone that were made using an artificial or prerecorded voice or an automatic telephone dialing system (or "ATDS") without her prior express consent. Plaintiff contends CHW is responsible for the calls at issue and seeks statutory damages and other relief. Defendant denies the allegations or that Plaintiff is entitled to relief.

2 - The Parties Joint Status Report and
Proposed Case Management Schedule

E.   **The Parties' Rule 26 Conference**

The Parties conferred on March 8, 2019, to discuss the nature and basis of their claims and defenses and possibilities for settlement of the case. Lead counsel and local counsel for both Parties were present for the Rule 26 conference. Defendant requested that Plaintiff agree to stay discovery during the pendency of CHW's Motion for the sake of judicial and party economy. Plaintiff does not agree to a stay. Without waiving any objections in that regard, the Parties further developed a proposed discovery plan should the Court wish to proceed with discovery at this time. *See* Rule 26(f) Statement and Discovery Plan, below.

## RULE 26(f) STATEMENT AND DISCOVERY PLAN

A.   **Initial and Pre-Trial Disclosures**

CHW has issued its Rule 26(a)(1) initial disclosures. Plaintiff has issued her Rule 26(a)(1) initial disclosures. With regard to Rule 26(a)(3) disclosures, the Parties suggest that such disclosures be made in accordance with and within the time required under the rule, or as the Court prefers.

B.   **Subjects of Discovery**

Plaintiff will seek discovery regarding her claims, including her claim that Defendant violated the TCPA by calling her cellular phone using an ATDS or an artificial or prerecorded voice, from Defendant and from third parties, including any third party vendors or service providers who may have made the calls on CHW's behalf. Defendant anticipates conducting discovery from Plaintiff regarding her claims and from third parties, including Plaintiff's telephone service provider(s) and others who may have had access to Plaintiff's cellular phone The Parties will also request discovery of witnesses and other evidence on which they intend to rely, as

provided by the Federal Rules of Civil Procedure, the Local Rules, and applicable law.

### C.   Preservation of Discoverable Information

The Parties agree to preserve all discoverable information, including, but not limited to, electronically stored documents and electronic devices (e.g., Plaintiff's cellular telephones and computers).

### D.   Claims of Privilege, Protection of Confidentiality, and Proposed Agreements

The Parties will address any privilege issues as they arise.  The Parties agree that any claim of privilege will be accompanied by a privilege log that includes the date of the privileged document, the identification of the document, and the basis for the privilege claim, and that complies with FRCP 26(b)(5)(A)(ii).

The Parties may require a Protective Order to protect, among other things, Plaintiff's confidential personally identifying information as well as Defendant's confidential and proprietary trade secrets.  A Protective Order will also be required to protect the confidentiality of any other sensitive, nonpublic information relating to Plaintiff, Defendant, or nonparties.

### E.   Proposed Modifications to Discovery

The parties propose no modifications to discovery.

### F.   Any Other Orders Under Rule 26(c) or 16(b)

If the Court enters a scheduling order, the Parties have agreed to submit the following proposed case management schedule for the Court's consideration.

**PROPOSED CASE MANAGEMENT SCHEDULE**

| Event | Proposed Date |
|---|---|
| **Deadline to Amend Pleadings/Join Parties**<br>**Plaintiff:** | 30 Days After Ruling on Defendant's Motion to Dismiss |

| **Defendant:** | |
| --- | --- |
| | 44 Days After Ruling on Defendant's Motion to Dismiss |
| **Last Date to File Discovery Motion** | August 13, 2019 |
| **Fact Discovery Deadline** | September 11, 2019 |
| **Dispositive Motions** | October 15, 2019 |
| **Damages Expert Discovery** | Post-Ruling on dispositive motions: |
|     **Initial Expert Disclosures:** | 2 weeks |
|     **Rebuttal Expert Disclosures:** | 4 weeks |
|     **Expert Discovery Deadline** | 6 weeks |
|     **Last Date to File Expert Discovery Motion:** | 6 weeks |
| **Updated Joint ADR Report:** | October 1, 2019 |
| **Joint Proposed Pretrial Order & Verdict Form** | *To be determined by Court* |
| **Trial Documents** | *To be determined by Court* |
| **Pretrial Conference** | *To be determined by Court* |
| **Jury Trial (2 -3 days)** | *To be determined by Court* |

SO STIPULATED ON MARCH 22, 2019

By:  /s/ Sharon D. Cousineau            /s/ Michael S. Agruss
      Sharon D. Cousineau                      Michael S. Agruss (admitted *pro hac vice*)
      Samwel Cousineau, PC                   Taylor L. Kosla (admitted *pro hac vice*)
      700 West Evergreen Blvd.                Agruss Law Firm, LLC
      Vancouver, WA 98660                     4809 N. Ravenswood Ave., Suite 419
      Tel. 360-750-3789                              Chicago, IL 60640
      Fax 360-750-3788                              Tel. 312-224-4695
      sdcousineau@gmail.com                  Fax. 312-253-4451
                                               michael@agrusslawfirm.com
                                                taylor@agrusslawfirm.com

      Attorneys for Plaintiff
      REBECCA PRESTON

By:    /s/ Christopher A. Morehead       /s/ A. Paul Heeringa
        Christopher A. Morehead, OSB No. 134341  A. Paul Heeringa (admitted *pro hac vice*)
        christopher.morehead@ogletree.com       Illinois Bar No. 6288233
        222 S.W. Columbia Street, Suite 1500      pheeringa@manatt.com
        Portland, OR 97201                             Manatt, Phelps & Phillips LLP
        Tel: 503-552-2146                               151 N. Franklin Street, Suite 2600
        Fax: 503-224-4518                              Chicago, IL 60606
                                                        Tel: 313-529-6308

        Attorney for Defendant
        CHW GROUP, INC.

6 - The Parties Joint Status Report and
Proposed Case Management Schedule

DATED: March 22, 2019

RESPECTFULLY SUBMITTED,

| SAMWEL COUSINEAU, PC | AGRUSS LAW FIRM LLC |
|---|---|
| By: /s/ Sharon D. Cousineau<br>       Sharon D. Cousineau | /s/ Michael S. Agruss<br>Michael S. Agruss |

Attorneys for Plaintiff

| OGLETREE, DEAKINS, NASH, SMOAK & STEWART | MANATT, PHELPS & PHILLIPS LLP |
|---|---|
| By: /s/ Christopher A. Morehead<br>       Christopher A. Morehead | /s/ A. Paul Heeringa<br>A. Paul Heeringa |

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the date set out below, I served the foregoing document on:

Christopher A. Morehead
christopher.morehead@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
222 S.W. Columbia Street, Suite 1500
Portland, OR 97201
Attorney for Defendant

A. Paul Heeringa
pheeringa@manatt.com
MANATT, PHELPS & PHILLIPS LLP
151 N. Franklin Street, Suite 2600
Chicago, IL 60606
Attorney for Defendant

■  by electronic means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐ by mailing a true and correct copy to the last known address of each person listed. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Chicago, Illinois.

☐ by causing a true and correct copy to be hand-delivered to the last known address of each person listed. It was contained in a sealed envelope and addressed as stated above.

☐ by causing a true and correct copy to be delivered via overnight courier to the last known address of each person listed. It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

☐ by emailing a true and correct copy to the last known email address of each person listed, with confirmation of delivery.

Dated: March 22, 2019

_____
**Taylor L. Kosla**

37848476.1

8 - The Parties Joint Status Report and
Proposed Case Management Schedule